UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ILIJAZ MODRONJA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:03CV1485 HEA |
| ) | |
| DONNA CAYER, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge David D. Noce, [Doc. # 30], pursuant to 28 U.S.C. § 636(b). Petitioner has filed Objections to the Report and Recommendation, which recommended that the petition for a writ of habeas corpus under 28 U.S.C. § 2254 be denied. Petitioner objects to the factual findings of Judge Noce regarding effectiveness of counsel and Judge Noce's finding that the record did not support petitioner's claim of misunderstanding of the proceedings.

When a party objects to the magistrate judge's report and recommendation, the Court must conduct a *de novo* review of the portions of the report, findings, or recommendations to which the party objected. See *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir.2003) (citing 28 U.S.C. § 636(b)(1)).

Petitioner objects to Judge Noce's finding that petitioner did not receive ineffective assistance of counsel because

> his attorney convinced him to answer "yes" to every question upon the advice that he would receive probation if he plead guilty. Because of his limited understanding of the process and the language, Petitioner relied upon his counsel's advice and answered "yes" to every question posed by the Court. When questioned by the Court whether he had had enough time to discuss the case with his attorney (Guilty Plea Proceedings p. 6), Petitioner answered that he didn't need it. Such a response is obviously based upon the firm belief that he had been assured of the outcome regardless of the proceedings. The Magistrate Judge erroneously found that the transcript did not support Petitioner's claim that he received erroneous advice concerning probation from his counsel that amounted to ineffective assistance of counsel.

Petitioner's argument fails in light of the extra precautionary measures taken at each stage of the proceedings. Upon questioning at the plea hearing, the State Court thoroughly explained to petitioner that the Court could impose a sentence of up to 16 years imprisonment. The Court asked if petitioner understood several times. The proceedings were interpreted for petitioner by a qualified Bosnian-English interpreter. There is nothing in the record which would even remotely suggest that petitioner was not competent. The answers given by petitioner were indeed responsive to the questions posed. When asked whether he had had sufficient time with counsel, petitioner responded in the affirmative and when asked if he wanted more time, petitioner responded that he did not need it. Clearly,

petitioner was given the opportunity at the plea hearing to voice any concerns.

Furthermore, at the sentencing hearing, the Circuit Court again questioned petitioner as to his understanding of the proceedings. Petitioner was asked whether anyone threatened him or forced him to plead guilty. He responded in the negative. When asked, again, if he had enough time with counsel, petitioner responded that he had. He stated that he was satisfied with the services of counsel. Counsel argued vehemently for a reduced sentence. After the Circuit Court imposed the sentence, the Court asked petitioner if he understood. He advised the Court that he did understand.

Petitioner also argues that Judge Noce incorrectly found that the transcript does not indicate that petitioner did not understand the words spoken to him nor that the interpreter indicated that he was unable to communicate with petitioner. At the very end of the sentencing hearing, the interpreter stated that "He was saying that means I'm not going to go to jail." This is the sole basis for petitioner's argument that he did not understand the proceedings, even with the help of the interpreter. The Court agrees with Judge Noce that the record does not support petitioner's argument. At no time throughout either the plea or the sentencing did petitioner indicate he did not understand the proceedings. Petitioner was incarcerated during the proceedings, and was told numerous times that he faced a

term of imprisonment of up to 16 years. He stated at each interval that he understood the proceedings. The record is clear that petitioner was given every opportunity to voice any concerns regarding the sentence. His answers were consistently responsive to the questions posed. With the aid of the Bosnian-English interpreter, it is clear that petitioner was aware of the proceedings and was aware that he could voice any concern he may have had. The comment by the interpreter at the very end of the sentencing hearing does not establish that petitioner did not understand the proceedings.

Based upon the foregoing, the Court overrules petitioner's objections and will adopt the recommendation of Judge Noce.

## Certificate of Appealablity

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right requires that 'issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings.' *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). The Court finds that petitioner has not made a substantial showing of the denial of a constitutional right as demonstrated in the record.

Accordingly,

**IT IS HEREBY ORDERED** that the petition of Ilijaz Modronja for writ of habeas corpus pursuant to 28 U.S.C. § 2254, [Doc. No. 1], is denied.

**IT IS FURTHER ORDERED** that any motion by petitioner for a Certificate of Appealability will be denied, as petitioner has not made a substantial showing of the denial of a federal constitutional right.

A separate judgment in accord with this Memorandum and Order is entered this same date.

Dated this 6th day of July, 2006.

_____
  HENRY EDWARD AUTREY
  UNITED STATES DISTRICT JUDGE